# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>  Plaintiff,<br><br>  v.<br><br>WILLIAMS, et al.,<br><br>  Defendants. | Case No. 1:15-cv-01245-LJO-DLB PC<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE, PURSUANT TO 28 U.S.C. SECTION 1915(G)<br><br>(Document 3) |

Plaintiff Zane Hubbard ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 10, 2015. Plaintiff filed an application to proceed in forma pauperis on August 12, 2015.

**A.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

///

///

**B.     DISCUSSION**

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's complaint and finds that he does not meet the imminent danger exception.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Plaintiff appears to be suing family members and friends, alleging that they have harassed him while in prison, stole patents and copyrights, forced him to have his face tattoos removed and kept him unlawfully confined in prison.  Plaintiff's allegations are fanciful and do not support a finding that he was under imminent danger of serious physical injury at the time he filed his complaint.

Based on the foregoing, the Court finds that Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee.

**C.     CONCLUSION**

Accordingly, Plaintiff's motion to proceed in forma pauperis is DENIED and this action is DISMISSED, without prejudice to re-filing accompanied by the $400.00 filing fee.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:    **August 26, 2015**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of the following United States District Court cases: Hubbard v. Mendes, 1:13-cv-01078-LJO-MJS (dismissed Mar. 17, 2014, for failure to state a claim); Hubbard v. Lua, 1:14-cv-00351-LJO-SAB (E.D.Cal.) (dismissed May 6, 2014, for failure to state a claim); Hubbard v. Corcoran State Prison, 1:13-cv-01736-AWI-MJS (E.D.Cal.) (dismissed May 23, 2014, for failure to state a claim); and Hubbard v. Weaver, 1:13-cv-01755-MJS (E.D.Cal.) (dismissed May 30, 2014, for failure to state a claim).  These strikes were final prior to the date Plaintiff filed this action.  Silva v. Di Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011).

2